COMMONWEALTH *vs.* WILLIAM McDOUGAL (and seven companion cases[1]). April 11, 1974. The defendants were convicted of violations of G. L. c. 265, §§ 15A and 15B, and (McDougal only) of G. L. c. 268, § 13B. The assignments of error before us relate to the admissibility of (1) evidence derived from an allegedly unlawful police entry into an apartment and (2) evidence concerning the loss of vision of one of the assault victims. The entry is alleged to be unlawful because the police officer, although knocking and identifying himself as a police officer, failed to state his purpose before entering the door which had been left ajar. See *Miller* v. *United States,* 357 U. S. 301 (1958); *Ker* v. *California,* 374 U. S. 23, 37-41 (1963); *Sabbath* v. *United States,* 391 U. S. 585 (1968); *Commonwealth* v. *Rossetti,* 349 Mass. 626, 634 (1965), and cases cited. This contention must fail, as the facts of the case fall clearly within an established exception to the rule requiring a statement of purpose: namely, where "the facts known to officers would justify them in being virtually certain that the . . . [occupant] already knows their purpose so that an announcement would be a useless gesture." *United States* v. *Wylie,* 462 F. 2d 1178, 1186 (D. C. Cir. 1972), quoting from *Miller* v. *United States, supra,* at 310. Furthermore, the

---

[1] Four of the companion cases are against William McDougal and three against Alan F. Crasco.

assignment is not founded upon a timely objection. *Segurola* v. *United States*, 275 U. S. 106, 111-112 (1927). *Commonwealth* v. *Lewis*, 346 Mass. 373, 382 (1963), cert. den. 376 U. S. 933 (1964). *Commonwealth* v. *Moore*, 359 Mass. 509, 512 (1971). Rule 101B of the Superior Court, as amended effective June 1, 1971. As Crasco admitted that he was not asleep at the time of the police entry, it cannot be contended that he had no knowledge before trial of the purportedly unlawful entry. Compare *Gouled* v. *United States*, 255 U. S. 298, 305 (1921), and *United States* v. *Wylie, supra,* at 1182. Although the testimony regarding the rifle was not particularly relevant, it is highly improbable that it affected the jury's verdict. See *Commonwealth* v. *Richards*, 363 Mass. 299, 308-309 (1973), and cases cited. The assignment relating to testimony of partial blindness resulting from the victim's injuries is governed by *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 279 (1962). There was no abuse of the trial judge's discretion. The defendants argue another matter, namely, cross-examination of defense witnesses by the district attorney focusing on their failure to relate their stories to the police at the scene or to the district attorney's office later. *Commonwealth* v. *Morrison*, 1 Mass. App. Ct. 632, 635 (1973), does not proscribe such questioning. That case related to questions focused on a failure to give defense testimony at a probable cause hearing, and such questions are specifically prohibited by G. L. c. 278, § 23. Only one witness was permitted to be asked whether he attended the probable cause hearing, and he answered in the negative. Other questions bearing on the probable cause hearing were properly excluded by the judge.

*Judgments affirmed.*

*John F. Palmer* for the defendants.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.