## COMMONWEALTH *vs.* LINWOOD ANTWINE.

Essex. February 8, 1994. - May 2, 1994.

Present: WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Search and Seizure,* Forcible entry by police. *Practice, Criminal,* Argu- ment by counsel.

Discussion of cases that consider the "knock and announce" rule applica- ble to the execution of search warrants and cases that set forth certain exceptions which may excuse noncompliance with the rule. [638-640]

Police officers executing a warrant in the middle of the night at a certain residence, who knocked and announced their identity, were not required to make a "useless gesture" of stating their purpose before making a forcible entry in circumstances where the defendant, who the police knew was inside, was either asleep or otherwise preoccupied so that he would not have heard any statement or where the police could be virtu- ally certain the defendant already knew the officers' purpose, inasmuch as there were three default warrants outstanding for the defendant's arrest. [640-641]

At the trial of an indictment the judge correctly interrupted defense coun- sel's improper argument asserting his opinion that a particular fact was true. [642]

INDICTMENT found and returned in the Superior Court De- partment on May 8, 1991.

A motion to suppress evidence was heard by *Charles M. Grabau,* J., and the case was tried before *John L. Murphy, Jr.,* J.

The Supreme Judicial Court on its own initiative trans- ferred the case from the Appeals Court.

*Lawrence P. Murray* (*Henry F. Owens, III,* with him) for the defendant.

*S. Jane Haggerty,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. Shortly before midnight on January 23, 1991, State and Lynn police officers executed a warrant at the defendant's residence, an apartment on the second floor at 13½ Lowell Street in Lynn. One officer knocked on a door of the apartment several times with his flashlight and identified himself as "police." He did not announce the officers' purpose for being there. The officers knew that there were three warrants outstanding for the defendant's arrest and that the defendant was in the apartment. They heard no noise in the apartment. Approximately twenty seconds after the first knock, but before one minute had passed, the police forced their way into the apartment.

The defendant challenges the denial of his motion to suppress, arguing that the forcible entry by the police without an announcement of their purpose for entering his apartment violated the common law "knock and announce" rule.[1] We transferred the appeal to this court on our own motion. There was no error in the denial of the motion to suppress, nor did the trial judge err in interrupting the defendant's closing argument to the jury. We affirm the conviction of unarmed robbery.

1. Before attempting forcibly to enter a private dwelling to execute a warrant, police must knock, announce their identity, and state their purpose, unless the circumstances justify dispensing with one or all of these requirements. A definitive history of this so-called "knock and announce" rule is presented in *Commonwealth* v. *Cundriff*, 382 Mass. 137, 140-147 (1980), cert. denied, 451 U.S. 973 (1981). The policies underlying the announcement rule at common law include decreasing the potential for violence, the protection of privacy, and the prevention of unnecessary damage to homes.

---

[1]The warrant that the police were executing was a warrant to search for the defendant. The warrant did not contain a "no knock" provision. The purpose of the motion to suppress was to establish the unlawfulness of the entry and thereby provide a basis for a motion to suppress evidence found in a search of the apartment made pursuant to a subsequent search warrant issued on the basis of information discovered during the initial police entry.

*Commonwealth* v. *Cundriff, supra* at 140-141. See *Common-wealth* v. *Goggin,* 412 Mass. 200, 202 (1992); *Common-wealth* v. *Gomes,* 408 Mass. 43, 45 (1990); *Commonwealth* v. *Sepulveda,* 406 Mass. 180, 182 (1989); *Commonwealth* v. *Scalise,* 387 Mass. 413, 417 (1982); *Commonwealth* v. *Osorno,* 30 Mass. App. Ct. 327, 330-331 (1991); *Common-wealth* v. *Gondola,* 28 Mass. App. Ct. 286, 290 (1990). This court has recognized certain exceptions that may excuse non-compliance with the rule, such as (a) where police have rea-son to fear for their own safety or for the safety of people within the location to be entered (*Commonwealth* v. *Cun-driff, supra* at 147); (b) where police are reasonably acting to prevent the destruction of evidence or a suspect's escape (*Commonwealth* v. *Scalise, supra* at 418); and (c) "where the person inside the dwelling to be entered has knowledge of the officers' purpose and presence" (*id.,* quoting *Common-wealth* v. *Cundriff, supra* at 147 n.15).

It is this last exception with which we are concerned here. It is commonly characterized as the "useless gesture" excep-tion, the basic principle of which is that law enforcement of-ficers should be relieved of having to engage in meaningless procedural formalities that do nothing to further the policies behind the knock and announce rule. See *United States* v. *One Parcel of Real Property,* 873 F.2d 7, 9-10 (1st Cir.) (announcement of purpose would have made no practical dif-ference), cert. denied sub nom. *Latraverse* v. *United States,* 493 U.S. 891 (1989); *United States* v. *Wylie,* 462 F.2d 1178, 1186-1187 (D.C. Cir. 1972) ("express notice of purpose is unnecessary where from the officer's view of the situation the occupant must surely have known why admittance into a habitation was desired"); 2 W.R. LaFave, Search & Seizure § 6.2 (e), at 619-620 (2d ed. 1987). If facts known to the police at the time of entry make it "virtually certain" that the person in the dwelling already knows the police's pur-pose, the useless gesture exception excuses the police from full compliance with the rule. See *Commonwealth* v. *McDou-gal,* 2 Mass. App. Ct. 820 (1974), following *United States* v.

*Wylie, supra* at 1186. See also *Miller* v. *United States*, 357 U.S. 301, 310 (1958).

In *United States* v. *One Parcel of Real Property, supra,* the court considered a similar situation where the police knocked and announced their presence, but not their purpose. In discussing the *Miller* case, *supra,* and the uselessness in the case before it of any announcement of the police's purpose, the Court of Appeals for the First Circuit said:

> "The Court acknowledged, however, that an express announcement would be a useless gesture if the house's occupant already knew the police's purpose. [*Miller* v. *United States, supra* at 309-310]. The focus, therefore, is properly not on what 'magic words' are spoken by the pclice, but rather on how these words and other actions of the police will be perceived by the occupant. *Cf. Bosley* v. *United States*, 426 F.2d 1257, 1263 (D.C. Cir. 1970) (no announcement or further knocking required where officers believed sleeping occupant unable to hear them). Officers murmuring, 'Police,' as in *Miller,* may cause the occupant who hears them doubt as to their purpose. No such doubt will exist—although considerable apprehension is likely—when officers pound on the door, yelling 'Police!' They want in, presumably to search or arrest, not census-taking. We cannot think it would have made any difference to claimant's perceptions had the police here, in addition to yelling 'Police,' shouted 'Search Warrant.' " *United States* v. *One Parcel of Real Property, supra* at 9-10.

With this background we are in a position to consider the application of the useless gesture exception in this case. As we have said, the police knew that the defendant was at home. They received no response to their several knocks on the door and the announcement that they were the police. The motion judge took the view that, if the defendant heard the knock and identification, "given the hour and the three default warrants, he could have guessed the purpose." If the

defendant were asleep or otherwise preoccupied so that he did not hear the knock or identification, the judge reasoned that the defendant would not have heard any announcement of the police's purpose either. Thus, any announcement of purpose would have been a useless gesture.

We accept in general the judge's reasoning and conclusion. It would have been a clearer case for the Commonwealth if there had been some evidence that the knocks and identification had been loud and if there had been a greater interval between the knocks and the forced entry (especially where the police were present in such numbers as to have all escape routes covered). But if the defendant did not hear the knocks and identification, the officers were entitled reasonably to conclude that he would not have heard any announcement of purpose. If he did hear the knocks and announcement, the judge stated the defendant "could have guessed" what the police's purpose was. This observation ("could have guessed") does not in words meet the useless gesture standard that the police be virtually certain that a person "already knows" why the police are present, although the police do not announce their purpose. We nevertheless view the underlying facts as justifying such virtual certainty and regard the judge's language as implying the same conclusion in more colloquial wording. Police officers acting on three default warrants could be virtually certain that the defendant would already know what the police had in mind when they came knocking in the middle of the night.[2] The motion to suppress was properly denied.[3]

---

[2]Where there was no basis for believing that the defendant might be armed or in possession of easily disposable contraband, it would have been better practice if the police had simply stated, "Search warrant," after knocking and announcing their identity. In these circumstances, the burden on the police to announce their purpose was extremely slight (see *Miller* v. *United States*, 357 U.S. 301, 309-310 [1958]). To have done so would have effectively foreclosed the primary issue in this appeal.

[3]Because of our conclusion that the useless gesture exception applies we need not consider whether in the circumstances any evidence must be suppressed. See *Commonwealth* v. *Gomes*, 408 Mass. 43, 46 (1990). See also *Commonwealth* v. *Grimshaw*, 413 Mass. 73, 78-80 (1992). Moreover,

2. The judge did not err in interrupting defense counsel during his final argument to state that there was no evidence to support counsel's statement that a particular fact was true. Counsel could have properly argued that the jury should draw an inference that the particular fact was so, but counsel did not have a right to assert his opinion that the fact was true. The judge's intervention was proper. *Commonwealth* v. *Kozec*, 399 Mass. 514, 519 (1987).

*Judgment affirmed.*

there is here no violation of the defendant's right against unreasonable searches and seizures, which he expresses only in terms of the Fourth Amendment to the United States Constitution.