## COMMONWEALTH *vs.* FRANCISCO MACIAS.

Norfolk. May 7, 1999. - June 14, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Warrant, Forcible entry by police, Affidavit, Probable cause. *Probable Cause. Controlled Substances.*

Discussion of the knock and announce rule applicable to the execution of a search warrant. [700-701]

This court declined to adopt a reasonable suspicion standard in place of the probable cause standard for determining whether police are justified in executing a search warrant without first knocking and announcing their presence. [701]

A judge of the Superior Court correctly allowed a criminal defendant's motion to suppress evidence, where the affidavit in support of the application for a search warrant was insufficient to establish probable cause that the controlled substances sought by police would have been destroyed if police were required to knock and announce before executing the warrant [701-703]; nor could the no-knock entry by police be justified by alleged danger to an undercover officer, where the officer was not demonstrated to have been on the premises to be searched [703-704].

INDICTMENTS found and returned in the Superior Court Department on May 28, 1998.

A pretrial motion to suppress evidence was heard by *Charles M. Grabau,* J.

An application for an interlocutory appeal was allowed by *Ireland,* J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*William T. Harrington,* Assistant District Attorney, for the Commonwealth.

*Peter M. Onek,* Committee for Public Counsel Services, for the defendant.

FRIED, J. The Commonwealth appeals from an order of a Superior Court judge allowing the defendant's motion to sup-

press evidence seized during a search of the defendant's apartment on the ground that the assistant clerk-magistrate who issued the warrant did not have sufficient basis to dispense with the "knock and announce" requirement. We affirm the order of the Superior Court.

I

On March 31, 1998, the Brookline police department applied for a warrant to search an apartment in a multi-unit building for evidence of cocaine and drug paraphernalia. The bases for the warrant, as set out in the affidavit of a police detective, were that (1) officers of the Brookline police department had learned from their counterparts in Boston that two cocaine dealers had moved from Boston to the apartment; and (2) an undercover officer had, on three separate occasions during the week preceding the execution of the warrant, bought an amount of cocaine from an occupant of the apartment.[1]

The penultimate paragraph of the affidavit in support of the application for the search warrant seeks permission to dispense with the knock and announce requirement:

> "We are requesting a 'no knock warrant' due to the fact that the suspect's apartment faces the street and the front door is readily visible from the window of apartment #29. Police will have to enter the building through the front door, continue up the front stairs to the apartment. Also the observations of [the undercover officer] that cocaine is kept secreted in the kitchen stove which is in close proxim-

---

[1]On the first occasion, March 24, 1998, the officer telephoned in advance, went to the building, pressed the buzzer for apartment no. 29 and was immediately buzzed into the building. Once inside, he went to the second floor, was ushered into apartment no. 29 and bought $100 worth of cocaine, which the defendant had removed from a hiding place inside the stove. The cocaine the undercover agent purchased came in a small plastic baggie. He noted that the defendant also removed several similar packages from the stove at the time of the buy. Two days later, the same officer again called, went to the apartment, and purchased one-eighth of an ounce of cocaine (an "eight ball") from the defendant for $150. Again the defendant retrieved several baggies from inside the stove and also produced eight to ten baggies from inside a closet. One of the baggies retrieved from the closet was sold to the undercover agent. On March 30, 1998, the undercover officer purchased another eight ball of cocaine from the defendant at the apartment in question. Again, the officer was buzzed into the building immediately. On this occasion the defendant retrieved the cocaine to be purchased by the undercover agent from a drawer.

ity to the kitchen sink where the controlled substance could be disposed down the drain. The closet where additional cocaine had been kept is located next to the bathroom where the drugs could easily be disposed. Additionally, we may need to utilize [the undercover officer] inside the unit prior to executing the warrant so that we may need to execute the warrant as swiftly as possible."

On March 31, 1998, the assistant clerk-magistrate issued a warrant suspending the knock and announce requirement. The next day, police officers executed the search warrant at approximately 6:10 P.M. The officers did not knock and announce their presence before entering the apartment. Once inside, the officers seized cocaine, baggies, a scale, and other items associated with the drug trade. The defendant was arrested and charged with three indictments for possession of cocaine with intent to distribute and one indictment for trafficking in excess of twenty-eight grams of cocaine.

The defendant moved to suppress the evidence seized from the apartment on the ground that there was insufficient reason shown to justify dispensing with the knock and announce requirement. The motion judge allowed the defendant's motion, reasoning that the application for the search warrant failed to set forth sufficient reasons justifying the officers' entry into the apartment without first announcing their presence. A single justice of this court allowed the Commonwealth's application for interlocutory appeal. The Commonwealth's appeal was transmitted to the Appeals Court. We transferred the case to this court on our own motion.

## II

### A

The "knock and announce" rule, requiring that the police, prior to executing a search warrant, identify themselves and state their purpose, has long been part of our common law.[2] See *Commonwealth* v. *Antwine*, 417 Mass. 637, 638 (1994) (holding that, as a general rule, the police "must knock, announce their

---

[2]Although we have described the knock and announce rule as "long featured prominently in our common law," we have also been careful to note that it is "not constitutionally required." *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990).

identity, and state their purpose"); *Commonwealth* v. *Scalise,* 387 Mass. 413, 418 n.5 (1982) (applying rule to search warrant as well as arrest warrant); *Commonwealth* v. *Cundriff,* 382 Mass. 137, 140-147 (1980), cert. denied, 451 U.S. 973 (1981) (tracing roots of common-law knock and announce rule to Seventeenth Century England). Among the purposes of this rule are the protection of individual privacy interests and the desire to minimize the potential for violence or property damage. See *Richards* v. *Wisconsin,* 520 U.S. 385, 393 n.5 (1997); *Cundriff, supra* at 140-141.

It is equally well established that "the failure of the police to make an announcement may sometimes be justified." *Cundriff, supra* at 140, 147 n.15. See *Wilson* v. *Arkansas,* 514 U.S. 927, 936 (1995); *Antwine, supra* at 639; *Scalise, supra* at 418. One ground justifying suspension of the knock and announce requirement is to avoid the potential destruction of evidence. The defendant contends that, in order to dispense with the knock and announce requirement, there must be probable cause to believe that, in the particular circumstances, evidence will be destroyed. The Commonwealth agrees that probable cause has been the Massachusetts common-law standard, but points out that the United States Supreme Court has recently held that the governing standard for determining whether the police are justified in executing a search warrant without first knocking and announcing their presence is one of reasonable suspicion, not probable cause. Compare *Richards, supra* at 394-395, with *Commonwealth* v. *Rodriguez,* 415 Mass. 447, 450 (1993), and *Scalise, supra* at 421-422. The Commonwealth contends that, because both the common-law knock and announce rule and its counterpart under the Fourth Amendment to the United States Constitution derive from the same source, English common law, and implicate the same concerns, we should employ the standard that the Supreme Court has determined most appropriately balances the competing interests. Compare *Wilson, supra* at 930-936 (discussing English common-law origins of knock and announce rule which is part of the Fourth Amendment's reasonableness inquiry), with *Cundriff, supra* at 140-145 (tracing Massachusetts common-law knock and announce rule's basis to English common law). We see no reason, however, to depart from the rule we have previously followed.

The affidavit filed in support of the application for the search warrant was insufficient to establish probable cause (though it

may have been sufficient to establish reasonable suspicion), based on the particular circumstances, to believe that the evidence would be destroyed. The mere fact that drugs are involved and that they are, by their nature, readily disposable or destructible, is insufficient to provide the necessary showing. See *Richards, supra* at 394; *Rodriguez, supra* at 450; *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990); *Scalise, supra* at 417, 421. In *Richards, supra,* the Supreme Court rejected the Supreme Court of Wisconsin's conclusion that exigent circumstances are always present in felony drug cases and that this interest always outweighs the concerns animating the knock and announce requirement. One example provided by the Court of a situation in which Wisconsin's blanket rule would be problematic was where the police "know that the drugs being searched for were of a type or in a location that made them impossible to destroy quickly." *Richards, supra* at 393. The affidavit in support of the application for the search warrant indicates that, on each occasion that the undercover officer purchased cocaine from the defendant, it was packaged in small transparent bags for individual sale.[3] On each occasion the drugs were retreived from a different location[4] and on two of the three occasions (the first and second) the undercover officer noted the presence of numerous such baggies. The affidavit notes the proximity of the oven storage area to the kitchen sink and that the closet from which cocaine was retreived for the second purchase was next to the bathroom. The fact that the cocaine was individually packaged in baggies (some, if not all, tied) would greatly hinder any attempt to destroy or dispose of it in the kitchen sink. And the fact that the police knew that cocaine was stored in multiple locations around the apartment is also a strong indication that quick disposal or destruction of the evidence, during the short delay occasioned by the knock and announce requirement, would be highly unlikely.

The Commonwealth argues that the no-knock warrant was nonetheless justified in this instance because the nature of the building and location of the apartment would afford the

---

[3]On at least one of the occasions, the baggies were described as being "tied at the top."

[4]On the first occasion the cocaine purchased was retrieved from a hiding place inside the stove. On the second occasion cocaine was retrieved both from inside the stove and from inside a closet. On the third occasion the cocaine was retrieved from a drawer.

defendant and any accomplices additional time to dispose of the cocaine. The Commonwealth points out that the windows of apartment no. 29 allowed those inside to look out at the front door of the building and that the building had a locked downstairs door which is opened by a buzzer from the individual apartments. Even if we accept the Commonwealth's contention that there was a substantial likelihood that the defendant would spot the police coming,[5] that is, on its own, insufficient to establish probable cause. The relevant inquiry is whether the extra time provided to the defendant (and any other occupants of the apartment) due to the requirement that the police conform to the knock and announce requirement would allow a significant additional portion of the evidence sought to be destroyed. Given the fact that the cocaine had been stored in various places within the apartment and that there was a substantial amount that was individually packaged in plastic and thus could not simply be poured down a sink or flushed down a toilet all at once, it is unlikely that the extra few seconds that the knock and announce requirement would require would itself allow a substantial amount of evidence to be destroyed.

B

Nor can the no-knock entry be justified on the alternative ground listed in the affidavit, the threat to the undercover officer who the police were considering using in the apartment prior to the raid. Although the magistrate could have determined that the presence of the undercover officer inside the apartment would create a sufficiently dangerous situation to justify dispensing with the knock and announce requirement, this ground would only have saved the entry if the officer was, in fact, inside at the

---

[5] It is not clear that this was, in fact, the case. Although the window of apartment no. 29 looked out over the front entrance of the building and there was a locked door through which the police had to enter before proceeding to the apartment, the affidavit gave no indication that there was or had ever been any sort of "look out" in the apartment and the affidavit in support of the request for the search warrant states that the undercover officer had been buzzed up automatically on each occasion that he went to the apartment. Further, the buzzer system that visitors used to request entry was inside the building and not visible from the window of the apartment. Thus, the ringing of the buzzer would not allow the occupants of the apartment to look out and check who had rung, and unless someone inside the apartment was looking outside during the short time it took for the police to approach the building and enter the vestibule in which the buzzer was located, those inside the apartment would not have been alerted to the police presence.

time of the entry.[6] It does not appear from the record that the police did actually send the undercover officer into the apartment before executing the search warrant. Where "the facts existing at the time the warrant is issued . . . no longer exist at the time the warrant is executed . . . the officers [are] required to knock and announce their purpose," because "[t]he changed circumstances would render ineffective the magistrate's decision that a no knock entry was justified." *Scalise, supra* at 421. But see *Rodriguez, supra* at 451 (rejecting defendant's argument that police should have reappraised circumstances at threshold and determined that there was no need not to announce themselves). As this necessary precondition was not present, the knock and announce requirement could not properly have been dispensed with on this ground.

As the first ground was insufficient to support dispensing with the knock and announce requirement and the necessary precondition to the second ground did not, in fact, occur, the order suppressing the physical evidence seized from the apartment is affirmed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[6]The warrant itself does not state the basis on which the magistrate dispensed with the knock and announce requirement. As the first ground offered in the affidavit, the fear of destruction or disposal of evidence, was insufficient but the second, protection of the undercover officer, would have been sufficient, provided such an officer was so utilized, we assume that it was this second ground on which the assistant clerk-magistrate dispensed with the knock and announce requirement. Where there is more than one potential ground for the magistrate's decision and the warrant itself does not indicate on its face the basis on which the decision was made, we shall assume it was made on whichever of the offered grounds is most appropriate.