COMMONWEALTH *vs*. JASON D. BADORE.

No. 97-P-2354.

Plymouth. March 18, 1999. - August 19, 1999.

Present: WARNER, C.J., SMITH, & GILLERMAN, JJ.

*Practice, Criminal,* Motion to suppress. *Constitutional Law,* Search and seizure. *Search and Seizure,* Threshold police inquiry.

The record of a hearing on a motion to suppress evidence in a criminal case did not support the judge's conclusion that, at the time the defendant was seized, the police had a reasonable suspicion that the defendant had committed, was committing, or was about to commit a crime: where police were not justified in blocking the vehicle in which the defendant was a passenger to conduct a threshold inquiry, the defendant's motion to suppress the evidence seized by the police should have been allowed. [603-604]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on February 20, 1997.

A pretrial motion to suppress evidence was heard by *James W. Dolan,* J., and the case was heard by him.

*David L. Goodhue* for the defendant.

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant, Jason Badore, was charged with disturbing the peace (G. L. c. 272, § 53); possession of marijuana (G. L. c. 94C, § 34); carrying a rifle or shotgun (G. L. c. 269, § 10[*a*]); and possession of ammunition without a firearms identification card (G. L. c. 269, § 10[*h*]). Prior to trial, the defendant filed a motion to suppress evidence seized pursuant to a warrantless search of the motor vehicle in which he was a passenger. A District Court judge denied the motion after an evidentiary hearing. The defendant was subsequently found guilty in a jury-waived trial of the firearms and ammunition charges, and not guilty on the other two charges. He was

sentenced on the count charging him with carrying a rifle. The charge of possession of ammunition in violation of c. 269, § 10(*h*), was placed on file.[1]

On appeal, the defendant claims that the judge committed error both in denying his motion to suppress and in denying his motion for a required finding of not guilty at his trial. Because we hold that the defendant's suppression motion should have been allowed, we do not consider the second issue raised by the defendant.

In reviewing the denial of a motion to suppress, we accept the motion judge's findings of fact absent clear error, *Commonwealth* v. *Sanna*, 424 Mass. 92, 97 (1997), and we accord substantial deference to the judge's ultimate findings and conclusions of law. *Commonwealth* v. *Selby*, 420 Mass. 656, 657 (1995). The judge's ultimate findings and conclusions, however, are open to independent review on appeal. *Ibid.* We hold that the record in this case does not support the judge's conclusion that, at the time the defendant was seized, the police had a reasonable suspicion that the defendant had committed, was committing, or was about to commit a crime. The police, therefore, were not justified in blocking the vehicle in which the defendant was a passenger and conducting a threshold inquiry.

We summarize the judge's findings of fact, supplemented by the uncontroverted. and undisputed portions of the evidence introduced at the suppression hearing. *Commonwealth* v. *Santiago*, 410 Mass. 737, 738 n.2 (1991). On February 19, 1997, at about 11:00 P.M., the police received a complaint from a resident about a disturbance coming from an automobile at the corner of Alden Street and Robert Avenue in Whitman. Officer Bates responded as a result of a radio broadcast and found no evidence of any disturbance or any vehicle in the area.

According to the testimony of David Campbell (see note 2, *infra*), who lived in the neighborhood, Joseph Congary, a neighbor, telephoned him that night and told him that he had

---

[1]"Ordinarily, we do not consider appeals from [charges] placed on file, *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975), but in the interest of efficiency and in a suitable case we may choose to do so." *Commonwealth* v. *Chappee*, 397 Mass. 508, 523 (1986). Here, it is appropriate to also consider the filed charge because the defendant's claim that the judge erred in denying his motion to suppress applies to both of the charges of which the defendant was convicted. *Commonwealth* v. *Souza*, 42 Mass. App. Ct. 186, 187 n.1 (1997).

called the police. Campbell said that he had been listening to a police scanner and heard the radio broadcast to Bates to investigate. Congary asked Campbell if he had heard the car that was traveling up and down the street. Campbell responded that he had not seen or heard the car. Approximately twenty to thirty minutes after his first call, Congary again telephoned the police and complained about a disturbance.[2] He also called Campbell and told him that the car causing the problem was in front of Campbell's house. Campbell went outside and observed a vehicle with its motor idling and its lights on. He was joined by Congary.

Officer Bates again responded to Congary's latest telephone call. He did not observe any evidence of a disturbance in the area. Bates did notice a car parked in an "unusual" manner, i.e., "not to the side like a parked car should be," but in the road. Its motor and lights were shut off. There were no other vehicles in the area.

Bates parked his cruiser in front of the vehicle, thereby blocking it. At approximately the same time, another officer, Sergeant Lirosi, arrived in his cruiser. Although he also had not observed any problems, he stopped his cruiser behind the vehicle, parking it at an angle to prevent the car from backing up.

At the time the two police cruisers blocked the car, Congary and Campbell were approaching the car to take down its license plate number. They told the officers that the car that they had just blocked was the one making the disturbance.

Both officers then approached the vehicle, one on the driver's side and one on the passenger's side. Officer Bates radioed the operator's license and registration information to the police station for verification, and Sergeant Lirosi, standing on the passenger's side, began questioning the defendant and simultaneously illuminating the interior of the vehicle with his flashlight. He saw a large case between the two front seats and immediately recognized it as a gun case. He ordered the defendant and the driver out of the car, seized the case, and opened it to confirm his suspicions that there were guns inside. After learning that none of the occupants of the vehicle had a

---

[2] In his findings, the judge found that "officers responded to *several* calls concerning a disturbance" (emphasis supplied). The only evidence at the hearing was that there were two telephone calls to the police, both made by Congary. Congary did not testify at the suppression hearing. Campbell did testify, and, over objection, testified to his conversations with Congary.

firearms identification card, he placed the defendant and the driver under arrest.

Based on these findings, the judge concluded that the police were justified in conducting a threshold inquiry and that blocking the vehicle did not convert a stop into an arrest.

On appeal, the defendant claims that he was seized by the police when they blocked the automobile. He argues that the conduct of the police in blocking the vehicle amounted to an arrest which was not based on probable cause and, in the alternative, that the police lacked reasonable suspicion to justify a threshold inquiry. We will consider first whether there was reasonable suspicion to justify a threshold inquiry because, if there was none, there would be no need to decide whether the seizure of the defendant constituted an arrest. See *Commonwealth v. Willis*, 415 Mass. 814, 818 (1993).

"[A] person has been 'seized' . . . if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Here, the defendant was seized when the vehicle in which he was a passenger was blocked by the police. *Commonwealth v. Helme*, 399 Mass. 298, 300 (1987). "[A]n officer initiates a threshold inquiry that must be reasonable within the meaning of the Fourth Amendment and art. 14 when he parks a police cruiser with the intention and effect of blocking a suspect's motor vehicle and preventing it from leaving." *Commonwealth v. Thompson*, 427 Mass. 729, 733 (1998).

We therefore "must consider whether the police had a reasonable suspicion, based on specific, articulable facts and reasonable inferences, that the defendant had committed, was committing, or was about to commit a crime." *Commonwealth v. Willis*, 415 Mass. at 817.

Here, the police were investigating a reported "disturbance" at the time that the defendant was seized.[3] The person who had made the complaints to the police (Congary), however, did not testify at the hearing. Campbell, who did testify, had not seen or heard a vehicle traveling up and down the street or heard any "disturbance"; he had heard about a complaint of a "disturbance" on his police scanner and had been told about it by Congary. At the time the police arrived at the scene the second

---

[3]There was no testimony at the hearing as to the nature of the "disturbance."

time, they did not see or hear any disturbance in the area. Except for the fact that the vehicle was parked too far from the curb, there was nothing to alert the police that the vehicle and its occupants were the source of the complaints.

Therefore, on the basis of this record, the Commonwealth did not present the "specific and articulable facts," *Terry* v. *Ohio,* 392 U.S. 1, 21 (1968), required in order to justify a seizure to initiate a reasonable threshold inquiry. *Commonwealth* v. *Helme,* 399 Mass. at 301.

We hold that the judge committed error in denying the defendant's motion to suppress and therefore reverse the order denying the motion. If the motion to suppress had been allowed, the Commonwealth's case at trial would have been lacking in essential proof. See *Commonwealth* v. *Silva,* 366 Mass. 402, 410-411 (1974). Accordingly, on the count charging carrying a rifle, the judgment is reversed, the finding of guilt is set aside, and judgment shall enter for the defendant. On the count charging possession of ammunition without a firearm identification card, the finding of guilt is set aside and judgment shall enter for the defendant.

*So ordered.*