COMMONWEALTH vs. ANTONIO HERNANDEZ. No. 98-P-1628. June 22, 2000. *Probable Cause. Search and Seizure*, Probable cause, Warrant. *Constitutional Law*, Probable cause. *Evidence*, Medical record, Relevancy and materiality, Privileged communication. *Privileged Communication.*

The defendant appeals from his conviction of trafficking in excess of 100 grams of cocaine. On appeal, the defendant claims that the trial judge erred in (1) failing to suppress evidence where there was no probable cause to issue a no-knock search warrant, and (2) denying the defendant's access to his wife's psychological records, thus impairing his ability to present a full defense. We reverse on the ground that there was no probable cause to issue a no-knock search warrant.

In October of 1994, Sergeant William Tollman of the Hampden County narcotics task force and Trooper John Michel of the Massachusetts State police became involved in an investigation at 288 Oak Street, in Holyoke. A confidential informant, later identified as Robert Souza, told the officers that an individual known as "Tony" approached him and asked if Souza would distribute cocaine on his behalf. Souza agreed to participate in a controlled buy and arranged a meeting with "Tony."

On October 14, 1994, at approximately 11 A.M., Souza went to 288 Oak Street to perform a controlled buy; the officers searched his vehicle and person for narcotics before he entered the residence. Souza returned to his car approximately twenty minutes later and drove to a prearranged spot to meet Trooper Michel. Souza described "Tony" as five feet, eight inches tall, dark complexioned, and heavyset with a thin moustache and black hair. He

indicated that "Tony" was wearing black pants and a blue shirt with a yellow design. Souza told Trooper Michel that he had to go back to 288 Oak Street at 12:00 because "Tony" had to go pick up the drugs.

Officer Justino continued the surveillance of "Tony" at 288 Oak Street and observed a man matching "Tony's" description enter a gray Chevrolet and drive to 851 Main Street, Holyoke. He entered the building and left approximately twenty minutes later, returning directly to 288 Oak Street. Trooper Michel ran the license plate which revealed that it was registered to the defendant, Antonio Hernandez, 851 Main Street, Holyoke.

Souza called 288 Oak Street and was told to come over. The informant picked up the drugs and surrendered them to Officer Michel. Officer Michel applied for and was granted search warrants for both 851 Main Street and 288 Oak Street. Upon executing the no-knock warrant at 851 Main Street, the police recovered $928 in cash, a drug ledger reflecting the controlled buy, a bag of capped vials, three bags of cocaine, lactose, and a garlic press type instrument with a plate.[1]

1. *No-knock warrant.* The defendant contends that the judge erred in failing to suppress the evidence seized from his home because there was no probable cause to support the issuance of a no-knock search warrant. We agree. This issue is controlled in material respects by the reasoning of *Commonwealth* v. *Macias,* 429 Mass. 698 (1999).

The police officer's affidavit in support of a no-knock warrant relied on by the issuing judge was supported by the following facts: (1) a fear of officer safety because in his experience drug dealers were often armed; (2) a likelihood that the evidence would be destroyed or altered because cocaine is a very small item; and (3) difficulty in determining the number of occupants present in the dwelling.

"The 'knock and announce' rule, requiring that the police, prior to executing a search warrant, identify themselves and state their purpose, has long been part of our common law." *Commonwealth* v. *Macias,* 429 Mass. at 700-701. "Among the purposes of this rule are the protection of individual privacy interests and the desire to minimize the potential for violence or property damage." *Id.* at 701.

"The relevant inquiry is whether the extra time provided to the defendant (and any other occupants of the apartment) due to the requirement that the police conform to the knock and announce requirement would allow a significant additional portion of the evidence sought to be destroyed." *Commonwealth* v. *Macias, supra* at 703. However, "[w]here a no knock provision of a warrant is justified by the situation anticipated in the submission to the magistrate, the carrying out of the procedure may yet be illegal if what is actually encountered turns out to be materially less exigent than the forecast." *Commonwealth* v. *Benlien,* 27 Mass. App. Ct. 834, 837 (1989). See *Commonwealth* v. *Scalise,* 387 Mass. 413, 421 (1982).

We conclude that the judge erred in issuing the no-knock warrant where the police officer's affidavit was insufficient to establish probable cause to believe that the evidence was likely to be destroyed. "The mere fact that drugs are involved and that they are, by their nature, readily disposable or destructible,

---

[1]Pursuant to a subsequently obtained warrant, the police searched the defendant's safe deposit box which contained $4,700, a watch case, and a money clip.

is insufficient to provide the necessary showing." *Commonwealth* v. *Macias,* *supra* at 702. "[T]he probable cause leading to this belief must be based on facts 'uniquely present in the particular circumstances.' " *Commonwealth* v. *Rodriguez,* 415 Mass. 447, 450 (1993), quoting from *Commonwealth* v. *Scalise,* 387 Mass. at 421.

In the case at bar, the officers had no specific knowledge of the presence or particular location of narcotics within the place to be searched. Here, unlike in *Macias,* no undercover officer or informant had ever been inside the premises nor witnessed the presence or location of any drugs. The facts underlying the affidavit in this case do not even rise to the same level as the facts in *Macias.*

Further, we conclude that the affidavit for the no-knock warrant also failed to establish a potential threat to officer safety. The officers had no knowledge of the presence of any weapons or that any of the occupants were known to carry weapons. Compare *Comonwealth* v. *Rodriguez, supra* at 451. As we conclude that there was an insufficient basis to justify the issuance of a no-knock warrant, the evidence obtained as a result of the search should have been suppressed.

2. *Access to the wife's treatment records.* The defendant contends that the trial judge's refusal to allow access to his wife's treatment records denied his right to present a full defense. The defendant argues that he should have been allowed to present evidence that his wife's incompetence resulted in a man called "Tony" (not the defendant) using the apartment to store drugs without her knowledge or consent.

There was no error in the denial of the defendant's motion to gain access to his wife's records. Access to confidential records is governed by *Commonwealth* v. *Bishop,* 416 Mass. 169 (1993), which requires a showing of relevancy. The trial judge within his discretion properly could have concluded that the defendant's theory was speculative and, therefore, not relevant. The defendant thus does not meet the threshold requirement of demonstrating a likelihood that the privileged records sought contain relevant evidence. See *Commonwealth* v. *Bishop, supra* at 178.

*Judgment reversed.*

*Verdict set aside.*

*William R. Hill, Jr.,* Committee for Public Counsel Services, for the defendant.

*Bethany C. Lowe,* Assistant District Attorney, for the Commonwealth, submitted a brief.