COMMONWEALTH *vs.* PEDRO POLANCO JIMENEZ. No. 00-P-651. November 15, 2001. *Constitutional Law,* Search and seizure. *Search and Seizure,* Warrant, Forcible entry by police, Probable cause, Affidavit. *Probable Cause. Practice, Criminal,* Findings by judge. *Controlled Substances.* Further appellate review granted, 435 Mass. 1109 (2002).

The defendant was convicted of trafficking in cocaine in an amount exceeding 200 grams (G. L. c. 94C, § 32E[*b*][4]), trafficking in heroin in an amount exceeding 200 grams (G. L. c. 94C, § 32E[*c*][4]), and two counts of possessing a controlled substance with intent to distribute within 1,000 feet of a school (G. L. c. 94C, § 32J). The defendant, prior to trial, moved to suppress drugs and drug paraphernalia seized from an apartment pursuant to a "no-knock" warrant. The motions were denied, and the evidence was introduced at the subsequent trial. The defendant appeals only with respect to the no-knock provision of the warrant, contending (1) that there was an insufficient showing to justify the granting by the magistrate of the no-knock provision; and (2) that, even were the no-knock provision properly included on the basis of the

---

contents of the affidavit accompanying the application, the situation at the time of the warrant's execution was such that a no-knock entry was no longer permissible. We hold that a no-knock entry was not authorized under the principles set forth in *Commonwealth* v. *Macias*, 429 Mass. 698 (1999), and *Commonwealth* v. *Hernandez*, 49 Mass. App. Ct. 911 (2000), and that accordingly the items seized pursuant to this warrant should have been suppressed.

The requirement that the police "knock and announce" at the time of execution of a search warrant is a part of Massachusetts common law, *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990), and exists both to protect privacy interests and to minimize the potential for violence or property damage. *Commonwealth* v. *Cundriff*, 382 Mass. 137, 140-141 (1980), cert. denied, 451 U.S. 973 (1981). Certain circumstances, such as concern for the safety of the officers executing the warrant or fear that a substantial portion of the evidence sought may be destroyed or secreted, will justify relaxation of the knock and announce requirement by the magistrate issuing the warrant. *Commonwealth* v. *Macias*, 429 Mass. at 701, 703. However, there must be a showing in advance of obtaining the no-knock authorization that probable cause exists to believe that particular conditions which justify such authorization will be present at the time of the execution of the warrant. See *id.* at 701, which rejects the more lenient Federal standard of "reasonable suspicion," insisting instead on a showing of "probable cause." Furthermore, even an authorized no-knock entry may turn out to be unlawful if the situation actually encountered by the police is less exigent than what was anticipated. *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 837 (1989). Thus, the police who execute the warrant must make a threshold reappraisal of the actual circumstances which they face on execution, since changed circumstances may render the previously obtained no-knock authorization no longer effective. *Commonwealth* v. *Scalise*, 387 Mass. 413, 421 (1982). The Commonwealth has the burden of showing both that a no-knock entry was properly authorized initially and that such entry was justified at the time of the warrant's execution. *Richards* v. *Wisconsin*, 520 U.S. 385, 394-396 (1997). *Commonwealth* v. *Scalise*, *supra* at 422 n.8.

In the present case, the Commonwealth attempted to demonstrate that the safety of the executing officers would be jeopardized; that the offenders might escape; and that evidence might be destroyed if the officers were required to announce their presence. The affidavit prepared in connection with the application for the search warrant addressed these issues by stating, in relevant part, that the suspects kept the location of the subject apartment unknown; that the street-level door was kept locked; that the apartment in question was on the third floor and that it would take the officers time to reach it once they had entered the building; that it was not possible to approach the building without being seen; that heroin and cocaine can easily be disposed of by flushing them down the toilet; and that it was common for drug dealers to have firearms. In denying the motion to suppress, the judge identified as "unique facts" supporting the request for the no-knock provision that there would be two suspects in the apartment; that it would be difficult to enter the building; that the officers' presence would become known before they reached the third-floor apartment; and that the drugs were stored in the apartment in secret. On the basis of these findings, he concluded that the affidavit adequately demonstrated both safety concerns and concerns that the contraband would be destroyed.

We accept the judge's subsidiary findings absent clear error, *Commonwealth* v. *Badore*, 47 Mass. App. Ct. 600, 601 (1999), but we conduct an independent review of his ultimate findings and conclusions of law. *Commonwealth* v. *Thomas*, 429 Mass. 403, 405 (1999). Here, the judge's acceptance of the affidavit's contents as establishing facts uniquely present in the particular circumstances cannot be sustained under *Commonwealth* v. *Macias, supra.* Both with respect to concerns for the officers' safety and with respect to possible destruction of the drugs, the affidavit described essentially generic concerns that are present in most, if not all, such situations. That drug dealers often carry weapons does not suffice in the absence of a showing that in *this* case the officers had knowledge that the suspects were armed or that there were weapons in the apartment. *Commonwealth* v. *Hernandez, supra* at 913. Nor is the fact that drugs are involved and that by their nature they are easily disposed of sufficient without more to justify dispensing with the knock and announce requirement. *Richards* v. *Wisconsin, supra* at 394. *Commonwealth* v. *Macias, supra* at 702. Here, there was no representation in the affidavit that weapons were present or that there was a "look out" likely to spot the police before they entered the building. *Id.* at 703 n.5. *Hernandez, supra* at 913. Nor was there any showing that the extra time expended in complying with the knock and announce requirement would likely have resulted in destruction of a significant portion of the drugs, *Macias, supra* at 703, particularly in view of the fact that the apartment appeared to be an unguarded storage place rather than a setting for the conducting of business. While in *Commonwealth* v. *Rodriguez*, 415 Mass. 447, 451 n.2 (1993), the court indicated that the experience of the police affiant could be considered by the magistrate, *Commonwealth* v. *Macias, supra*, makes it clear that police experience is not a substitute for particularized factors in the individual case.

We note further that, even had the no-knock warrant properly issued on the basis of the affidavit, there was evidence that the actual circumstances differed from what the police anticipated. While the judge made no finding on the subject, it was not disputed that the downstairs door opened with a small push, thereby enabling the police to enter the building unheard and eliminating one of the problems forecast in the affidavit. Compare *Commonwealth* v. *Benlien, supra* at 835, 837, where a heavy wooden door secured by a large dead bolt stood fast despite four blows with a sledgehammer. Thus, a threshold reappraisal might well have persuaded the officers that the exigencies claimed in the affidavit no longer existed. If so, the no-knock authorization was no longer effective. *Commonwealth* v. *Scalise, supra* at 421. In light of our holding, it is not necessary to address the defendant's contention that the police improperly created the exigent circumstances by waiting for the second suspect to arrive before executing the warrant.

The defendant asserts that, absent the evidence that should have been suppressed, the Commonwealth "has no reasonable prospect of proving the offenses charged." The Commonwealth has not addressed this contention. After a review of the record, we agree that there could not have been a valid conviction without the impermissible evidence. Accordingly, the judgments are vacated, the verdicts are set aside, and new judgments shall enter for the defendant. See *Commonwealth* v. *Badore, supra* at 604.

*So ordered.*

*Eric S. Brandt*, Committee for Public Counsel Services, for the defendant.

*Susanne G. Levsen Reardon*, Assistant District Attorney, for the Commonwealth.