COMMONWEALTH *vs.* STACIE D. WEST

(and a companion case[1]).

No. 00-P-1149.

Berkshire. October 12, 2001. - July 19, 2002.

Present: PORADA, SMITH, & GILLERMAN, JJ.

*Search and Seizure,* Warrant, Forcible entry by police. *Constitutional Law,* Search and seizure, Probable cause. *Controlled Substances. Probable Cause.*

Discussion regarding the requirement that police officers knock and announce their presence at the time they execute a search warrant and the exceptions to that requirement. [468-469]

A District Court judge erred in allowing motions to suppress evidence seized in the search of the defendants' premises pursuant to a "no-knock" search warrant, where the affidavit in support of the search warrant recited sufficient facts to establish probable cause to believe that evidence would be destroyed if the "knock and announce" requirement were not waived. [470-471]

COMPLAINTS received and sworn to in the Pittsfield Division of the District Court Department on May 5, 1999.

Pretrial motions to suppress evidence were heard by *William J. Boyle,* J.

An application for interlocutory appeal was allowed by *Roderick L. Ireland,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court.

*Raymond Jacoub,* Assistant District Attorney, for the Commonwealth.

*Veronica J. Fenton (Kenneth G. Warren, Jr.,* with her) for the defendants.

SMITH, J. The defendants, Stacie West and Raymond Dunham,

[1]Commonwealth *vs.* Raymond V. Dunham.

were each charged in District Court on May 26, 1999, with one count of possession of "crack" cocaine in violation of G. L. c. 94C, § 34. The charge resulted from a search of their premises at 47 Daniels Avenue, in Pittsfield, pursuant to a "no-knock" search warrant.

Prior to trial, the defendants filed motions to suppress evidence seized in the search. The motions claimed, among other things, that the affidavit in support of the search warrant did not contain the factual information necessary to justify the granting of the no-knock provision.

After an evidentiary hearing, a District Court judge ruled in favor of the defendants and allowed the suppression motions. The judge did note, however, that had the search warrant not failed because of the insertion of the no-knock provision, he "would be inclined to find [the warrant] otherwise sufficient, on the strength of the corroboration established by the two controlled buys."

A single justice of the Supreme Judicial Court granted the Commonwealth's application for interlocutory review of the District Court judge's order. The single justice transferred the appeal to this court pursuant to Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996). We reverse the allowance of the suppression motions.

The requirement that police officers knock and announce their presence at the time they execute a warrant is a principle of the Massachusetts common law. *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990). "Among the purposes of this rule are the protection of individual privacy interests and the desire to minimize the potential for violence or property damage." *Commonwealth* v. *Macias*, 429 Mass. 698, 701 (1999).

There are certain exceptions to the general rule that the police must knock and announce their presence. *Commonwealth* v. *Scalise*, 387 Mass. 413, 418 (1982). Where the circumstances show that an announcement by the police would facilitate the destruction of evidence or endanger the safety of the police or others, it has been held that the "knock and announce" requirement is not necessary. *Ibid.* However, "the decision whether to dispense with the requirement of announcement should be left to judicial officers, whenever police have sufficient information

at the time of application for a warrant to justify such a request." *Id.* at 420. Thus, "[i]n order to obtain authority for an unannounced entry, the police must inform the issuing magistrate of the circumstances which give the police probable cause to believe that the evidence, i.e., the object of the search, will be destroyed." *Id.* at 421. *Commonwealth* v. *Macias,* 429 Mass. at 701. "[T]he probable cause leading to this belief must be based on facts 'uniquely present in the particular circumstances.' " *Commonwealth* v. *Rodriguez,* 415 Mass. 447, 450 (1993), quoting from *Commonwealth* v. *Scalise,* 387 Mass. at 421. "The mere fact that drugs are involved and that they are, by their nature, readily disposable or destructible, is insufficient to provide the necessary showing." *Commonwealth* v. *Macias, supra* at 702. Here, the Commonwealth claims that the motion judge committed error in allowing the suppression motions because the affidavit recited sufficient facts to justify the relaxation of the knock and announce requirement.

We set forth the facts stated in the affidavit that are relevant to the issue. On April 1, 1999, Detective Glen F. Decker of the Pittsfield police department applied for a warrant to search the defendants' premises, a duplex consisting of one-half of a two-family dwelling. The items sought included "cocaine/crack cocaine," "items and paraphernalia used for preparing cocaine and crack cocaine for street sales and/or storage," and other items including firearms. Based on his considerable experience and training as a narcotics investigator, Decker requested that a no-knock provision be included in the search warrant, because without it, the evidence sought would be destroyed and, in addition, the officers' safety would be endangered.

In support of his claim that the no-knock provision was necessary, Decker stated in his affidavit that (1) Dunham sells "small, customer sized pieces of crack cocaine which makes for [the cocaine's] quick destruction [either] by swallowing or disposal down a drain or toilet"; (2) the premises at 47 Daniels Avenue are located on the corner of two streets which made it difficult for the police to reach the premises without being seen; (3) a "rather large dog" was observed tied to the rear of the premises and Decker stated that based on his training and experience as a narcotics investigator, drug dealers often use dogs to warn them

when someone is approaching the premises, thus allowing drug dealers time to dispose of the narcotics; and (4) the other half of the duplex was inhabited by a named individual whom Decker believed acted as Dunham's "lieutenant" in his drug trafficking activities.

In deciding whether enough facts were present in the affidavit to amount to probable cause to believe that the evidence would be destroyed, we do not examine each fact in isolation, but rather we examine all of the facts together. See *Commonwealth* v. *Fisher*, 54 Mass. App. Ct. 41, 44 (2002) ("a combination of factors that are each innocent of themselves may, when taken together, amount to the requisite [probable cause"), quoting from *Commonwealth* v. *Fraser*, 410 Mass. 541, 545 (1991).

In his affidavit, Decker recited his considerable training and experience as a narcotics investigator. The experience and expertise of a police officer may be considered as a factor in the probable cause determination. *Commonwealth* v. *Feijoo*, 419 Mass. 486, 498 (1995) (affiant's experience investigating sexual abuse of children, in part, supported probable cause). See *Rivera* v. *Murphy*, 979 F.2d 259, 264 (1st Cir. 1992) ("The experience and training of a police officer are, of course, factors to be considered in the determination of probable cause . . .").

Here, Decker's training and experience are important in regard to the particular circumstances he recited in his affidavit. Those circumstances include the small size of the packages of drugs, rendering them easily disposed of, the significance of the presence of the dog on the premises,[2] and the location of the premises to be searched on a corner of a street, thus making any approach of the officers more easily detectable. Also of some significance is the recital in the affidavit that the defendants shared a duplex with an individual who worked with the defendants in selling drugs, thus providing another person to be on the lookout for the police. Weighing all of the factors together, we hold that the factors outlined in the affidavit

---

[2]The dog was not in the yard at the time of the entry but rather was in the defendants' home. The location of the dog at the time of entry does not remove it from our consideration of whether probable cause existed. The dog could warn the defendants of the approach of the officers from within the home as well as the yard, thus giving the defendants valuable time to destroy the evidence.

established probable cause to believe that the evidence would be destroyed if the knock and announce requirement was not waived.

Because of our decision, we need not consider the Commonwealth's argument that safety of the officers and others also permitted the relaxation of the knock and announce requirement.

The order allowing the suppression motions is reversed and the case is remanded to the District Court for further proceedings.

*So ordered.*