Nickerson, Gary A., J.
The defendants Heniy Golay and Ronald J. Kenworthy, Jr. are each facing three indictments, the first for trafficking in Oxycodone, the second for possession with intent to distribute Methamphetamine and the third for conspiracy to violate the drug laws. Kenworthy has a fourth charge of possession with intent to distribute cocaine. The charges arise from the search of the defendants’ residence at 115 Lovells Lane in the Town of Barnstable on November 5, 2008. By their motion to suppress, the defendants challenge the inclusion of a no-knock provision in the search warrant.[1] In the exercise of discretion the court granted an evidentiary hearing on July 13, 2010 as to facts not included in the affidavit in support of the search warrant. Based on all the credible evidence the court enters the following findings of fact.

*327
FINDINGS OF FACT

The search warrant issued on the strength of the affidavit of State Police Trooper Daniel T. Tucker. The defendants do not contest the sufficiency of the affidavit to establish probable cause to believe that illicit narcotics and drug trafficking paraphernalia were likely stored on the premises at 115 Lovells Lane on or about October 31, 2008.[2] Indeed the affidavit supports the inference that Kenworthy was a major source of illegal pharmaceuticals county wide and that Golay was actively employed as Kenworthy’s runner or delivery man.
The defendants challenge the sufficiency of the affidavit as authority for the no-knock provision in the search warrant as issued by the assistant clerk-magistrate.[3] Certain of the numbered paragraphs in the affidavit bear directly on this issue. Paragraph 10 details the Board of Probation record for Kenworthy which included nine arraignments for drug crimes, three convictions for drug crimes and guilty findings of resisting arrest and carrying a dangerous weapon to wit a knife. Paragraph 11 reveals Golay had four arraignments for drugs, resulting in two convictions, and nine arraignments for firearms violations. Within the same paragraph it is noted that Golay had an arraignment for armed assault to murder by means of a knife and an arraignment for assault and battery by means of a knife. Paragraph 16 is as follows:
16. On October 30, 2008, Tpr Tucker spoke with Lt Balcom regarding Henry GOLAY. Lt Balcom advised Tpr Tucker that in October 2006 the Barnstable Police Department executed a search warrant at a residence where Henry GOLAY was staying in Mansions Mills. Located during the search warrant were a Taurus 40 caliber revolver (loaded), a Charter Arms 38 caliber revolver, a 22 caliber revolver (loaded w/six rounds), and one (1) box of Winchester 40 caliber 165 grain full metal jacket ninety-seven (97) rounds in the box. Also located in the search warrant was miscellaneous paper work in the name of Henry GOLAY. These items were located inside a bureau drawer. The affiant is therefore requesting a no knock warrant for #115 Lovells Lane, Mars tons Mills, the residence of Henry GOLAY for the safety of officers and the occupants of #115 Lovells Lane, Marstons Mills, MA.
The search of Golay’s residence in October 2006 gave rise to various indictments in the Superior Court for firearms violations (docket no. CR 07-17). On September 9, 2008 an assistant district attorney nolle prossed the indictments, stating as her reason “the interests of justice.” Lt. Sean Balcom of the Barnstable Police Department was privy to the details of the 2006 search and the subsequent prosecution. Balcom told Tucker that the 2006 indictments had been nolle prossed. Tucker did not include that fact in the affidavit at hand. The court credits the testimony of Balcom to the effect that the 2006 charges against Golay were nol prossed to secure the guilty plea of Golay’s 2006 co-defendant, a Mr. Mendes, and out of compassion for Golay’s serious medical condition.[4]

APPLICATION OF THE FACTS TO THE LAW

“The ‘knock and announce’ rule may be suspended when there is a risk that announcement of the officers’ presence would allow the destruction of evidence or put officer safely at risk. To set aside the rule, the Commonwealth must establish that there is probable cause to believe that, in the particular circumstances of the search to be undertaken, compliance would create one or both of those risks. In the absence of exigent circumstances, this showing is to be made in the affidavit supporting the application for the search warrant.” Commonwealth v. Santiago, 452 Mass. 573, 575 (2008) (supporting citations omitted). There is no evidence of exigent circumstances in the present case. The task at hand is to determine the sufficiency of the affidavit to support the issuance of a no-knock warrant.
Defendants make much of the omission from the affidavit that Golay’s 2006 charges were nol prossed. The court treated their claims as grave, granting an evidentiary hearing as to the omission as a matter of discretion. See Commonwealth v. Signorine, 404 Mass. 400, 406 (1989). The facts as developed at the hearing do not merit suppression of the evidence. The nol pros of Golay’s 2006 cases in no way undermines the facts set forth in paragraph 16 of Tucker’s affidavit. Firearms and ammunition were indeed found in Golay’s residence in October 2006, apparently in a bureau drawer linked to Golay. The fact that Mendes admitted he possessed these items does not preclude Golay’s possession of the items as possession is a matter of control, not ownership, and need not be exclusive. Commonwealth v. Kitchings, 40 Mass.App.Ct. 591, 599 (1996). The omission of the fact of the nol pros is not material to the determination of no-knock probable cause. See Commonwealth v. Pratt, 407 Mass. 647, 659 (1990). This court does not find Tucker’s omission to be intentional but at most careless.[5] Had the naked fact that the nol pros entered, been included in the affidavit, it would have misled the magistrate into believing the firearms were not found with Golay’s other possessions in October 2006. The affidavit as written by Tucker is more accurate than an affidavit which would have included a bare bones reference to the entry of the nol pros. In short, the magistrate was entitled to consider the cache of firearms and ammunition found in Golay’s residence in 2006.
“Although the probable cause standard is more rigorous than that of reasonable suspicion, it does not require ‘definitive proof.’ It does require the articulation of facts and circumstances present in the specific case, which, with the benefit of inference, experience, and the application of common sense, establish a substantial basis for concluding that officer safely would be at risk.” Santiago, 452 Mass. at 573. In *328 considering the sufficiency of the affidavit as to a no-knock request, the affidavit is to be read in its entirety and “not by first dissecting it and then subjecting each resulting fragment to a hyper-technical test of its sufficiency standing alone.” Santiago, 452 Mass. at 576.
Our case law contains numerous references to the notion that a simple showing that drugs are involved does not justify an unannounced entry. Commonwealth v. Scalise, 387 Mass. 413, 421 (1982); Commonwealth v. Gomes, 408 Mass. 43, 45 (1990); Commonwealth v. Macias, 429 Mass. 698, 702 (1999). Nonetheless, common sense dictates that where there is evidence of organized drug trafficking, as in Tucker’s affidavit, a magistrate can weigh that fact in considering a no-knock request based on officer safety. Simply put, the risks are greater when the stakes are higher. The drug business of Kenworthy and Golay, coupled with their prior arraignments for violent crimes and resisting arrest and coupled with Golay’s known association with illicit firearms in 2006 amounted to probable cause for the issuance of a no-knock warrant in 2008.

ORDER

For the above stated reasons it is ORDERED that defendants’ motion to suppress be DENIED.

 There is no document on file entitled Motion to Suppress. Golay filed Defendant’s Memorandum In Support Of Motion To Suppress Pursuant to Violation Of No-Knock Provision which the court has accepted as a combination motion and brief (pleading no. 30). Kenworthy filed his Assented Motion To Join Co-Defendant’s Motion To Suppress on the date of the hearing on Golay’s motion, July 13, 2010. On the day of the hearing Golay waived his separate Motion & Memorandum In Support Of Motion To Suppress Statements, reserving the right to claim suppression of his statements as fruit of the alleged poisonous no-knock tree.

 The warrant issued October 31, 2008. It was executed on the evening of November 5, 2008.

 While little was said at the hearing as to the execution of the warrant, it appears that the Commonwealth concedes the officers gained entry to the premises without first knocking and announcing their presence.

 This jurist frequently sits in criminal sessions in Barn-stable County and is aware from handling the various pretrial court appearances for Golay’s prior and present cases that the gentleman’s health is compromised to the extent that he requires frequent dialysis treatments.

 It is not necessary to consider, in the present case, the effect of an intentional omission, an issue left open in Commonwealth v. Ramos, 402 Mass. 209, 215 fn. 4 (1988).