## COMMONWEALTH *vs.* CHESTER A. HINDS.

Franklin. Sept. 20. — Oct. 21, 1887. C. ALLEN & HOLMES, JJ., absent.

A warrant to search for and seize intoxicating liquors, issued under the Pub. Sts. c. 100, § 30, in the form prescribed by § 46, may be executed in the night-time.

INDICTMENT for an assault upon one Jillson, a constable of Orange.

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence that Jillson, a constable of Orange, with a search-warrant, issued under Pub. Sts. *c.* 100, § 30, and in the form prescribed by § 46, entered the building described in the warrant, occupied by the defendant as a dwelling-house and a saloon, and there, at about nine o'clock in the evening of January 18, 1887, made search for intoxicating liquors alleged in the warrant to be kept for sale in violation of law ; that in a closet in said building Jillson found a bottle partially filled with rum, which he seized and put into his pocket; that the defendant, while Jillson was continuing his search in the building, laid his hand upon said Jillson's person, snatched from Jillson's pocket

this bottle, containing rum, and after a struggle carried away the same.

The defendant asked the judge to rule as follows: "1. The evidence will not warrant a verdict of guilty. 2. The search of the premises occupied by the defendant, in the night-time, was unauthorized by the warrant, and Jillson became a trespasser in so doing, and the defendant could rightfully retake from him his property, if in so doing he used no greater force than was reasonably necessary. 3. The warrant in this case did not authorize Jillson to search the premises of the defendant in the night-time; and Jillson, in so doing, was a trespasser, and the defendant could rightfully retake his property, if in so doing he used no more force than was reasonably necessary."

The judge refused to rule as requested. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. A. Aiken*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J. The only question presented by these exceptions is, whether a warrant to search for and seize intoxicating liquors, issued under the Pub. Sts. *c.* 100, § 30, in the form prescribed by that statute, can be executed in the night-time. The argument for the defendant is, that there is no express authority in the statute to execute the warrant in the night-time; and that by the common law and by the statute, when no express provision is otherwise made, a search-warrant can be executed only in the day-time.

The only search-warrant known to the common law was to search for stolen goods. The usual direction of it was to search in the day-time. Whether, at common law, a warrant which directed a search not limited to the day-time would be valid, and whether such a warrant could be executed in the night-time, it is not necessary to consider. See Dane Ab. *c.* 217, art. 2; D. Davis's Justice, (2d ed.) 30, 51, 147; 2 Hale P. C. 113; Burn's Justice, Search-Warrant; 3 Williams's Justice, 861. The warrant in question was not a common law search-warrant, and its validity and effect must be determined by the statute.

The Revised Statutes first made provisions in regard to the form of search-warrants. Before that, there was no statute

relating to the common law search-warrant; but there were statutes authorizing warrants to search for counterfeit money, &c. (St. 1823, c. 40) ; for gunpowder in certain cases (St. 1828, c. 62); and to enter a gaming-house (St. 1834, c. 172). The Rev. Sts. c. 142, made general provisions in regard to search-warrants. Section 1 authorized warrants to search for property stolen, embezzled, or obtained by false pretences. Section 2 authorized search-warrants in four other specified cases. Section 3 provided for the form of the warrant, among other things, that it should command a search in the day-time. Section 4 provided for the manner in which a warrant might be issued authorizing a search in the night-time. The Commissioners, in their note, give as the reason for recommending this section, that, " By the common law, and the established practice in this State, a search-warrant was always required to be executed in the day-time. And this requirement has, in many cases, rendered it almost useless, as an instrument for the detection of offenders." This is the origin of the provisions which have ever since been in force, and which appear in the Gen. Sts. c. 170, §§ 1–4, and in the Pub. Sts. c. 212, §§ 1–4. Section 1 of the Pub. Sts. c. 212, provides that a warrant may issue to search for property stolen, embezzled, or obtained by false pretences. Section 2 authorizes search-warrants in seven different cases. Section 3 provides that " All search-warrants shall be directed to the sheriff of the county or his deputy, or to a constable, commanding such officer to search, in the day-time, the house or place," &c. Section 4 provides that, if there is satisfactory evidence that anything " for which a search-warrant may be issued by the provisions of this chapter " is concealed, &c., in a particular house or place, a warrant may be issued by two trial justices, or by a police, district, or municipal court, to authorize a public officer to search such house or place in the night-time.

The Revised Statutes, and various statutes enacted since, authorize the issuing of search-warrants, or of warrants in the nature of search-warrants, in cases which were not included in the chapter on search-warrants. Whether in a case of that kind the general rule that warrants can be served in the night-time, or the rule applied by the general statute to search-warrants, that they shall authorize a search only in the day-time, shall

apply, must depend upon the terms and construction of each statute. It is a question as to the intention of the Legislature in each case. It will be observed that § 4 of the chapter on search-warrants is limited to warrants issued under that chapter, and cannot apply to a warrant issued under any other statute. The authority to execute a warrant in the night-time, and to issue a warrant in which the authority to execute it is not limited to the day-time, must be found in the statute which authorizes the warrant. Such authority will be inferred, unless the statute expressly or impliedly limits it to the day-time.

We think such authority is found in the statute under which the warrant in the case at bar was issued. Pub. Sts. *c.* 100, § 30. It does not, like *c.* 58, § 4, provide that the warrant shall be directed and executed as provided in *c.* 212, § 3; nor, like *c.* 207, § 57, that no search shall be made after sunset unless specially authorized; nor, like *c.* 207, § 60, require that a warrant shall be issued to search at any hour of the day or night; but it contains full and explicit provisions, even prescribing a form of the warrant, excluding the inference that it is governed by § 3 of *c.* 212, and that the execution of the warrant under it is limited to the day-time. Its provisions differ in every particular from those of *c.* 212, § 3. The direction of the warrant, instead of to the sheriff or his deputy, or constable, is to be to the sheriff, deputy sheriff, city marshal, chief of police, deputy chief of police, deputy marshal, police officer, or constable. There are particular provisions, not contained in § 3, as to the description in the warrant of the place to be searched, and special provisions as to authorizing the search of dwelling-houses. The warrant is to command the officer to search the premises, and to keep the property found until final action, and to return his warrant to the court, instead of to search in the day-time, and to bring the property and the person in whose possession it is found before the court; and the warrant itself, in the form prescribed by the statute, is to "forthwith enter the         herein described, and make diligent and careful search," instead of to search in the day-time. The general rule is, that process, civil or criminal, can be as well served in the night-time as in the day-time; and a direction in a warrant to serve it, without limitation as to the hour of the day, is a direction to serve it in the night-time as

much as in the day-time. The intention of the Legislature to authorize the execution of the warrant in the night-time is shown by providing for and by prescribing a direction in the warrant which includes that, instead of the direction to search in the day-time, which it required in the ordinary search-warrant.

Since the St. of 1852, c. 322, these provisions have been the subject of careful scrutiny, and have been enacted no less than five times. St. 1855, cc. 215, 397. Gen. Sts. c. 86. St. 1869, c. 415. St. 1876, c. 162. Pub. Sts. c. 212. The repetitions emphasize the intention manifested in the statute.

The intention that there should be authority to execute the warrant in the night-time might also be shown by the purpose and the particular provisions of the statute, and by its history, and the history of other statutes authorizing searches and seizures. But the considerations already presented are sufficient, and render further discussion unnecessary.

<i>Exceptions overruled.</i>