## COMMONWEALTH *VS.* EDWIN CABAN.

No. 98-P-1201.

Suffolk. May 14, 1999. - November 3, 1999.

Present: JACOBS, GILLERMAN, & GREENBERG, JJ.

*Practice, Criminal,* New trial, Affidavit, Assistance of counsel.

Where affidavits in support of a criminal defendant's motion for a new trial raised a substantial issue whether trial counsel's lack of investigation and lack of preparation of the defendant's alibi witness constituted ineffective assistance of counsel, an evidentiary hearing should have been held to resolve factual issues; the matter was remanded for such a hearing. [181-184]

INDICTMENTS found and returned in the Superior Court Department on November 26, 1996.

The cases were tried before *Elizabeth B. Donovan*, J., and a motion for a new trial was heard by her.

*Kevin S. Nixon* for the defendant.

*Alex G. Philipson*, Assistant District Attorney, for the Commonwealth.

GREENBERG, J. A Superior Court jury found the defendant guilty on two separate indictments charging him with selling heroin and doing so within 1,000 feet of a school zone (G. L. c. 94C, §§ 32 and 32J). A Boston police officer, who was operating undercover, claimed to have purchased the heroin from the defendant at the Mission Hill housing development. It was his identification testimony upon which the government relied at trial. The defendant made a motion for a new trial on the ground of ineffective assistance of counsel. The trial judge, who also decided the motion, declined to hold an evidentiary hearing and denied the motion, summarizing her findings in a

memorandum. The defendant appeals from his convictions and from the denial of his new trial motion.[1]

1. *Facts.* There was evidence to show that, on October 28, 1996, two Boston police officers, Joseph Gallarelli and Harry Jean, drove in an unmarked police car to the housing development. Once there, Jean approached a group of young people to purchase drugs and was directed to a doorway in a nearby apartment building. When Jean went inside the foyer of the building, a Hispanic male of medium build with light-colored eyes and complexion wearing a "black hoodie" was at the top of a stairway. He asked Jean, "What do you need?" Jean agreed to pay thirty dollars for "two" bags. The transaction was quickly completed when the same person returned with two white glassine bags which he handed Jean in exchange for the money. Jean left the area and was picked up by Gallarelli. At the police station, Gallarelli displayed a photographic array of thirty Hispanic and African-American males from which Jean chose a photograph of the defendant as the seller. Nothing else of significance occurred until November 29, 1996, over a month later, when the defendant was arrested and charged with heroin distribution.

The defendant testified on his own behalf; his explanation of his whereabouts on October 28 was inconsistent with Jean's testimony. He testified that, at the time the drug deal took place, he was working as a carpet cleaner for his employer, Frank DiOrio. On cross-examination, he was unable to recall the exact work site on the day in question. When his testimony concluded, trial counsel asked for a short recess to call DiOrio, who had been listed as a prospective defense witness on the pretrial conference report.

DiOrio arrived in court after the luncheon recess. He testified that he owned and operated the Touch of Class Cleaning Company and that the defendant was employed by him on October 28, 1996. When cross-examined, he produced a list of jobs, by customers' names, which he and his workers had completed during the month of October. But the records were jumbled, causing him to explain that "he didn't have enough time to prepare better records." He testified that, however, had he received adequate notice, he could have searched more thoroughly for records of the defendant's specific job assign-

---

[1]The arguments presented by the defendant pertain to the denial of his motion for a new trial.

ment on the critical day. Trial counsel did not ask for more time, and the trial concluded.

2. *Denial of new trial motion without evidentiary hearing.* Rule 30(c)(3) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 901 (1979), specifies that a motion for a new trial may be decided "on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits." In support of his motion for a new trial, the defendant submitted affidavits from his fiancée, his younger sister, DiOrio, his brother-in-law, and from himself. The Commonwealth submitted an affidavit by the defendant's trial counsel, who did not represent the defendant in the post-trial proceedings. We review the trial judge's decision to deny an evidentiary hearing on a motion for a new trial under an abuse of discretion standard. See *Commonwealth* v. *Licata*, 412 Mass. 654, 660-661 (1992); *Commonwealth* v. *Jenks*, 426 Mass. 582, 586 (1998).

Appellate counsel considers it inexcusable that trial counsel did not consult with and present DiOrio as a witness until the trial was in progress. The defendant's affidavit states that his trial counsel was ineffective because he ignored the defendant's request to contact DiOrio prior to trial. Had DiOrio been adequately prepared, his business records would have yielded details of the work performed by the cleaning company on October 28, 1996. In her memorandum of decision, the judge states that, "[t]he business record attached to [DiOrio's] affidavit would not enhance his trial testimony because it does not identify who the employees were who worked in the four man crew for the Sun Deck II project."

While it is true, as the judge found, that the attachments to DiOrio's affidavit do not set forth the names of the employees on the job on that date, there is an attached exhibit, which is a copy of the bill for the Sun Deck II job in Wakefield on October 28, 1996; it contains a labor charge for four men for seven hours. According to DiOrio's affidavit, the defendant was one of his three employees and the only one capable of driving the other employees to their job site. Thus, this document touches on something material for the defense. To the extent that it reasonably could be inferred from the nonevidentiary posttrial proceedings that this document would have been available to trial counsel had he interviewed DiOrio as a prospective witness before trial, counsel's effort may have been less than

diligent. If the defendant was hurt by trial counsel's last-minute decision to call DiOrio as a defense witness without preparation, the injury was arguably not self-inflicted. According to the defendant's affidavit, in July and August, 1997, prior to the commencement of the trial, trial counsel was intent upon working out a plea arrangement, and ignored the defendant's entreaties to contact DiOrio and another witness who could confirm his alibi testimony.[2] Thus, it is arguable that the decision to present DiOrio only after cross-examination of the defendant left inadequate time to search for and procure critical records which may have deprived the defendant of essential corroborative evidence.[3]

"Failure to investigate the only defense a defendant has, if facts known to or with minimal diligence accessible to counsel support that defense, falls beneath the level of competency expected." *Commonwealth* v. *Haggerty*, 400 Mass. 437, 442 (1987). On the basis of *Haggerty*, the defendant contends that his employer was never prepared or even fully interviewed by trial counsel; the result was that DiOrio could only answer the questions at trial in a very general way. Once it became clear to trial counsel that DiOrio's testimony lacked the necessary details, or that his available business records might contain them, counsel could easily have requested a short continuance. Cases support requests for delays in a number of circumstances. See *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 50-53 (1976) (counsel claims no time to interview witnesses when appointed

---

[2]Counsel must fully investigate a case even if a plea agreement is contemplated. Standards for Criminal Justice: Prosecution Function and Defense Function, Standard 4-4.1(a) (3d ed. 1993). But see *Burger* v. *Kemp*, 483 U.S. 776, 794 (1987), quoting from *Strickland* v. *Washington*, 466 U.S. 668, 690-691 (1984) ("strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation").

[3]On cross-examination the prosecutor asked the defendant, "Now, Mr. [DiOrio] is not here today, is he?" The defendant replied, "No, he's not." Only then did trial counsel ask the judge at side bar for time to call DiOrio. DiOrio came directly to the court house and testified on the defendant's behalf. When asked on cross-examination about his records, he replied that, "Unfortunately, I didn't have enough time to prepare better records to produce that. But I'll tell you what I would have done [to locate the records] if I had the time." To that response, the prosecutor said, "That's not the question. . . . You don't have any records to show that you were with the defendant at 2:30 on October 28, 1996, isn't that true?" DiOrio's response was that he did not "have [on the day of his testimony] a record that says I was with him."

within one week of trial); *Commonwealth* v. *Baldwin*, 385 Mass. 165, 177 (1982) ("defense counsel should, when faced with delayed disclosure situations seek 'additional time for investigative purposes.' *Commonwealth* v. *Cundriff*, [382 Mass. 137,] 150 [(1980)]"); *Commonwealth* v. *Benoit*, 389 Mass. 411, 426-428 (1983) (defense counsel has a right to recess trial in order to interview prospective witness who was held in custody of Commonwealth and located only through judicial process during trial).

The trial judge concluded that the defendant's failure to communicate with his lawyer, as set forth in his lawyer's affidavit, made it difficult for the lawyer to develop a defense. "To the extent that counsel was hampered by the defendant's lack of cooperation, the defendant cannot justifiably complain." *Commonwealth* v. *Williams*, 30 Mass. App. Ct. 543, 544 (1991). Even assuming that the defendant was less than faithful in keeping his appointments with counsel, however, trial counsel's affidavit also states that long before trial he knew of the defendant's key witnesses. If the defendant's counsel had the necessary information even though the defendant failed to keep the requested appointments, counsel may have had a duty to investigate. Contrast *Commonwealth* v. *Collins*, 36 Mass. App. Ct. 25, 29 (1994) (where trial counsel made diligent, albeit unsuccessful, efforts to locate a key defense witness who had no street address, his representation was not ineffective under *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 [1974]). The role that the defendant's failure to respond to his counsel's inquiries played in counsel's lack of investigation cannot be resolved on the basis of the affidavits alone.

3. *Disposition.* Because the affidavits do raise a "substantial issue," the trial judge abused her discretion by denying the motion without an evidentiary hearing. "[I]n a case like this, in the absence of a hearing followed by findings of fact, or of a stipulation of facts, it is not possible for an appellate court to know 'whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer [and] whether it has likely deprived the defendant of an otherwise available, substantial ground of defence.' *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974)." *Commonwealth* v. *Brookins*, 416 Mass. 97, 104 (1993). Given the circumstances we have outlined in this opinion, the issues of

fact that should be resolved are whether (a) DiOrio's business records, if admissible, provide a defense for the defendant; (b) defense counsel's failure to confer with DiOrio prior to the trial may be explained by some circumstance not appearing on the record before us; (c) defense counsel would have introduced DiOrio's testimony and records had more time been available, and (d) defense counsel had legitimate reason for not requesting a continuance to prepare adequately for DiOrio's testimony. Additionally, defense counsel's claim that the defendant's failure to communicate with him hampered his preparations may be addressed.

As to the defendant's argument that defense counsel's failure to interview or call the defendant's brother-in-law, a Boston police officer who allegedly could establish that Jean knew the defendant socially, thus impeaching Jean's testimony that he had never met the defendant before the trial, amounts to ineffective assistance, we leave that issue to be developed at the evidentiary hearing.

We affirm the defendant's convictions. We vacate the judge's ruling on the motion for a new trial, and we remand the motion to the Superior Court for an evidentiary hearing. See *Commonwealth* v. *Aviles*, 31 Mass. App. Ct. 244, 249 (1991), *S.C.* 40 Mass. App. Ct. 440 (1996).

*So ordered.*