NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

12-P-1378                                    Appeals Court

COMMONWEALTH  vs.  CARLOS MANUEL PEREZ.

No. 12-P-1378.

Middlesex.    December 8, 2014. - April 15, 2015.

Present: Kafker, Grainger, & Agnes, JJ.

Controlled Substances. Practice, Criminal, Required finding, Instructions to jury, Motion to suppress, Warrant, Affidavit, New trial. Constitutional Law, Search and seizure. Search and Seizure, Warrant, Affidavit, Probable cause.

Complaint received and sworn to in the Lowell Division of the District Court Department on April 26, 2010.

A pretrial motion to suppress evidence was heard by Martine Carroll, J.; the case was tried before Laurence D. Pierce, J.; and motions for a new trial and for other postconviction relief were heard by him.

Jeffrey G. Harris for the defendant.
Matthew Bailey for the Commonwealth.

GRAINGER, J. The defendant was charged with possession of cocaine with intent to distribute. He was convicted by a jury in the District Court of the lesser included offense of possession of a class B substance, G. L. c. 94C, § 34. He

appeals, asserting insufficiency of the evidence, error in the jury instructions, and error in the denial of his motion to suppress evidence and his motion for a new trial or a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  His claims of reversible error are primarily dependent on the issuance and execution of a so-called "no-knock" warrant that produced the evidence resulting in his conviction.  We address ancillary claims before considering the issuance of the warrant, referring to the undisputed facts as they are pertinent to the issues.

Sufficiency.  The defendant argues that the Commonwealth failed to demonstrate the requisite knowledge coupled with intent to exercise control that would support a conviction for constructive possession of the cocaine found in his bedroom.  We disagree.  The jury received evidence that the defendant was the only person in his bedroom when the police executed the search warrant.  The police found cocaine in a glassine bag in the pocket of a man's shirt hanging in the defendant's bedroom closet.  In the defendant's bedroom the police found a bottle of boric acid, sandwich bags, a digital scale, $422 in cash, a Massachusetts identification card bearing the defendant's name and picture, a Venezuelan passport bearing the defendant's name and a picture closely resembling the defendant, and a billing receipt addressed to the defendant at that apartment.

The defendant's argument that the absence of paraphernalia for personal use renders the conviction reversible ignores the fact that he was charged with intent to distribute. The absence of paraphernalia supports the distribution charge, and thereby also supports his conviction for a lesser included offense under these circumstances.[1] In any event, the absence of paraphernalia is irrelevant to the offense of simple possession. See Commonwealth v. Montalvo, 76 Mass. App. Ct. 319, 325-326 (2010) (evidence that goes to intent "does not defeat a determination of constructive possession").

Jury instructions. The defendant asserts error in the trial judge's failure to track the model jury instruction's language providing that "[n]either is possession proved simply because the defendant was associated with . . . the property where [the cocaine] was found." Instruction 3.220 of the Criminal Model Jury Instructions for Use in the District Court (2009). The judge's charge included the admonition that "merely being present in the vicinity of crack cocaine, even if one knows that it is there, does not amount to possession." He instructed the jury that possession is to be determined "from all the facts and any reasonable inferences that you can draw from those facts." And he correctly defined "possession without

---

[1] The defendant and the Commonwealth both requested that the judge instruct the jury on the lesser included offense of simple possession.

physical custody" as requiring "knowledge of the object, the ability to exercise control over that object either directly or through another person, and the intent to exercise control over the object."  We conclude from our review of the instructions, considered in their entirety, that the jury were properly instructed on the elements of constructive possession.  See Commonwealth v. Torres, 420 Mass. 479, 484-485 (1995).[2]  There was no error.

Motion to suppress evidence.  The defendant asserts that the evidence used to convict him was seized pursuant to a search warrant that failed to meet the veracity test derived from the requirements set forth in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969).  See Commonwealth v. Upton, 394 Mass. 363, 369 (1985).[3]  He argues that the veracity test was not met because the search warrant application was submitted by an officer who did not have firsthand knowledge of the identity and whereabouts of the confidential informant on whose information the warrant

[2] The transcript does not allow us to determine whether this claim was preserved at trial:

"The court:  Is the defendant content?

"(Remainder of sidebar discussion is completely inaudible.)"

[3] The defendant does not contest the "basis of knowledge" test.  See Commonwealth v. Forbes, 85 Mass. App. Ct. 168, 173 (2014) (quotation omitted).

application was based.  The defendant relies on Commonwealth v. Alfonso A., 438 Mass. 372, 376 & n.4 (2003), where the Supreme Judicial Court determined that the motion to suppress physical evidence was properly denied by the motion judge notwithstanding the fact that "the affidavit did not spell out precisely how the detective knew the informant's 'identity' and 'whereabouts.'" The court ruled in that case that the lack of specificity on these factors "does not detract from the unmistakable import of the detective's sworn statement, i.e., that the detective felt confident that he could indeed identify and locate the informant."  Ibid.  In this case, the detective indicated that the informant's particulars were known to other members of the Lowell police department.  Accordingly, as in Alfonso A., he could clearly "identify and locate the informant" should the need arise.

The information provided in the affidavit contained a level of specificity that indicated the informant's veracity, Commonwealth v. Atchue, 393 Mass. 343, 348-349 (1984), and included facts that were confirmed by the police prior to the application.  Commonwealth v. Alfonso A., supra at 376-378. Finally, the controlled purchases conducted by the informant further supported his veracity.  Commonwealth v. Desper, 419 Mass. 163, 168-171 (1994).

"No-knock" warrant. The defendant asserts that the no-knock warrant was improperly authorized, requiring suppression of the evidence seized after the police failed to knock and announce their presence. The affidavit supporting the warrant contained the following representations: 1) the extensive training and experience in drug investigations, controlled purchases and arrests of the officer who made the affidavit, 2) the confidential informant's report that the apartment for which a warrant was sought was "small, confined and private," 3) the confidential informant's report that the defendant "keeps his door locked and admits only people whom he knows," 4) the fact that the defendant sold drugs to the informant only after arrangements were made by telephone, and 5) the officer's assessment that, given the retail nature of the defendant's operation and the fragile nature of the illegal drugs involved, "it would not be difficult for [the defendant] to destroy the narcotics if given the forewarning."

The requirement that police knock and announce their presence is based on common law principles aimed at protecting privacy, decreasing the potential for violence and preventing unnecessary damage. Commonwealth v. Scalise, 387 Mass. 413, 417 (1982). Our cases also recognize that competing interests will justify abrogating the requirement in individual instances. These are, principally, avoiding the destruction of evidence and

increasing officer safety.  See Commonwealth v. Cundriff, 382 Mass. 137, 147 (1980), cert. denied, 451 U.S. 973 (1981); Commonwealth v. Silva, 440 Mass. 772, 783 (2004).  Further, courts will look to the presence of lookouts and the ability of police to approach premises undetected in determining whether a no-knock warrant is justified.  See Commonwealth v. Benlien, 27 Mass. App. Ct. 834, 836 (1989); Commonwealth v. West, 55 Mass. App. Ct. 467, 470 (2002).

In this case, the overriding consideration presented in the warrant application was the potential for destruction of evidence.  The fragile nature of the drugs, the limited size of the premises, and the security precautions exercised by the defendant all emphasize that concern.  Officer safety was not presented as an issue.

Our cases recognize that destruction of evidence is a factor to be considered, but we require more than a general concern that evidence can be easily destroyed to dispense with the requirement for police to knock and announce.  Scalise, supra at 421 (declining to adopt "blanket rule" excusing requirement of knock and announce "whenever the objects named in the search warrant are by their nature amenable to ready disposal or destruction").  See Commonwealth v. Ortega, 441 Mass. 170, 176 (2004).

While the warrant application in this case contains statements that drugs in powder form are easy to destroy or discard,[4] it fails to provide "probable cause to believe that the evidence will be destroyed, based on other factors uniquely present in the particular circumstances." Scalise, supra at 421. We consider the specific references to the fact that the "apartment was small, private and confined" and that the defendant keeps the door locked, admitting only individuals whom he knows, to be relevant, but ultimately insufficient. The limited size of the premises is as likely to aid the police in securing the evidence of criminality as to enable its disposal "during the short delay occasioned by the knock and announce requirement." Commonwealth v. Macias, 429 Mass. 698, 702 (1999). As described in the application, the defendant's

---

[4] The relevant attestation in the warrant application, states: "During my training and experience as a Police Officer, I have learned that individuals involved in the illicit distribution of narcotics often attempt to destroy drug evidence if they learn that the police are about to conduct a search. Because of the fragile nature of Illegal Drugs they are easily destroyed by such methods as flushing them down toilets, dissolving them in liquid and emptying containers of baggies in which they are packaged. I have personally been involved in arrests of drug dealers who have thrown drugs out of windows, and swallowed the drugs upon being approached by the police. Due to the information received that [the defendant] is a retail or street level dealer, it would not be difficult for him to destroy the narcotics if given the forewarning. Further, due to the fact that Cocaine is a powder drug, it is particularly susceptible to being quickly destroyed. For these reasons, I respectfully request authorization to execute the search warrant without first knocking and announcing our presence and purpose."

security measures are equally likely to be precautions against robbery, and do not provide probable cause that he would bar the door to police who announce their presence. See id. at 703 (window overlooking street, which could allow defendant to "spot the police coming," without more, did not establish probable cause); Commonwealth v. Santiago, 452 Mass. 573, 577-578 (2008) ("mere assertion that the owner of a residence to be searched owns a dog, even of a breed commonly known to be aggressive, would, standing alone, be insufficient to meet the probable cause standard").

We therefore consider whether the evidence seized by the police must be suppressed as a result of the failure to knock and announce their presence in this case. "[A]s a general rule, the mere fact that an unlawful search and seizure has occurred should not automatically result in the exclusion of any illegally seized evidence." Commonwealth v. Gomes, 408 Mass. 43, 46 (1990) (applying general rule "to violation of the 'no-knock' rule"). See Commonwealth v. Sheppard, 394 Mass. 381, 391 (1985); Commonwealth v. Rutkowski, 406 Mass. 673, 676 n.5 (1990). Two factors govern the result: 1) "the degree to which the violation undermined the . . . governing rule of law," and 2) the extent to which exclusion will serve as a deterrent in the future. Commonwealth v. Gomes, supra. These two factors are interdependent to the extent that (even where constitutional

rather than, as here, common law principles are implicated), "[b]ad faith of the police . . . will be relevant in assessing the severity of any constitutional violation."  Commonwealth v. O'Connor, 406 Mass. 112, 118 (1989).[5,6]

Applying these principles to the present circumstances, we conclude that suppression is not warranted.  The police did not act unilaterally; they properly applied for a warrant, requested a no-knock provision and submitted an affidavit setting forth all the available and relevant facts known to them.[7]  While we conclude as a matter of law that they did not ultimately provide sufficient basis for the issuance of the warrant in that form, the police did not act in bad faith, and the defendant makes no such claim.  Having obtained the warrant, they observed its strictures.  See Commonwealth v. Grimshaw, 413 Mass. 73, 79-80 (1992) (suppression unwarranted in case of nighttime search authorization where police acted "lawfully in obtaining the

---

[5] See Commonwealth v. Hernandez, 456 Mass. 528, 533 (2010) (while not adopting Federal approach relying exclusively on application of "good faith" test, Massachusetts will instead focus "on whether the violations are substantial and prejudicial").

[6] See 1 LaFave, Search & Seizure § 1.3(a), at 69-71 & § 1.3(f), at 90 n.66 (5th ed. 2012); Grasso & McEvoy, Suppression Matters Under Massachusetts Law § 9-2[i][2], at 9-14 (2013-2014 ed.).

[7] See, e.g., Commonwealth v. Manni, 398 Mass. 741, 742-743 (1986) (failure to state facts supporting no-knock warrant may lead to suppression of evidence).

warrant and, except as to time, had engaged in no misconduct in executing it"). Contrast Commonwealth v. Gomes, 408 Mass. at 47 (suppression warranted where officer who prepared affidavit "had actual knowledge that [it] contained no particularized facts which would have shown probable cause"). Under these particular circumstances and given the detailed nature of the application, we find not only an absence of any police misconduct but also no indication that the pertinent rule of law was undermined.

Motion for new trial and for a "Franks" hearing. The defendant asserts error in the judge's denial of his motion for a new trial and, as a precursor, to conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). After the defendant's conviction, it was revealed that one of the officers involved in the execution of the search warrant was under investigation for misconduct in the use of informants, and that the Commonwealth had nol prossed other cases as a result.

In response to the defendant's subpoena, the judge required the Commonwealth to provide an affidavit stating whether the informant in this case was the same as any informant used by the Commonwealth in the cases that had been nol prossed. The Commonwealth provided an affidavit that there was no evidence of any overlap. In denying the defendant's request for further discovery and for a Franks hearing, the judge found that there was "no additional information linking the investigation and

subsequent prosecution of the defendant" to the officer in question.  A Franks hearing is held to test the veracity of the affiant, and the officer who provided the affidavit in this case was not the officer implicated in the investigations raised by the defendant in his motion.  See Commonwealth v. Wadlington, 467 Mass. 192, 203 (2014).  See also Commonwealth v. Amral, 407 Mass. 511, 519 n.8 (1990).  Here, there was no error, and there was no abuse of discretion in the denial of the Franks motion or of the motion for new trial.  See id. at 518; Commonwealth v. Caban, 48 Mass. App. Ct. 179, 181 (1999).

Judgment affirmed.

Order denying motion for new trial affirmed.