NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-173

COMMONWEALTH

vs.

JAMAINE WARNER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant tendered a guilty plea on November 16, 2022,[1] while preserving his right to appellate review of the denial of his motion to suppress evidence obtained from the execution of a search warrant.  See Mass. R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019).  On appeal, he argues that the motion to suppress was erroneously denied for two reasons.  First, he contends that the affidavit submitted in support of the application for the search warrant did not establish probable

---

[1] The defendant pleaded guilty to possession of a firearm without a firearms identification (FID) card, G. L. c. 269, § 10 (h), possession of ammunition without an FID card, G. L. c. 269, § 10 (h) (1), two charges of possession with intent to distribute a class B substance, as a subsequent offense, G. L. c. 94C, § 32A (b), distribution of cocaine as a subsequent offense, G. L. c. 94C, § 32A (d), possession with intent to distribute a class A substance, G. L. c. 94C, § 32 (a), and possession with intent to distribute a class E substance, G. L. c. 94C, § 32D (a).

cause to search apartment 2L of 42 Lyon Street, Boston.  Second, he argues that the affidavit recklessly or knowingly omitted that an earlier warrant had been issued for a different apartment (1L) in the same building and that, had the omitted information been included, there would not have been probable cause to search apartment 2L.  The defendant also argues that he was entitled to a Franks hearing.  We affirm the denial of the motion to suppress.

"When considering the sufficiency of a search warrant application, our review 'begins and ends with the four corners of the affidavit.'" Commonwealth v. Dorelas, 473 Mass. 496, 500-501 (2016), quoting Commonwealth v. Cavitt, 460 Mass. 617, 626 (2011).  The averments contained in the police officer's affidavit were as follows.

Within the month preceding the affidavit, the Boston Police Citywide Drug Control Unit received information from a "reliable" and "carded" confidential informant (CI) that a Black man known as "Maino" was selling "quantities of crack cocaine in the Dorchester section of Boston," specifically in or around 42 Lyon Street, a six-family residence.  The CI stated that it had contacted "Maino" at a particular cell phone number (which was identified in the affidavit) to arrange drug transactions, and that he had spoken to "Maino" and also met with him in person.

2

The CI described "Maino" as being approximately six feet tall, of medium build and with black hair.

In the preceding year, the CI had given information to the police that had led to the recovery of crack cocaine. Information from, and "investigative actions" by, the CI had led to the arrest of individuals for distribution of crack cocaine, the recovery of contraband, and the arrest of one or perhaps more individuals on arrest warrant(s). The CI's whereabouts were known to the affiant, and information from the CI had been corroborated by the affiant and other members of the Boston police department.

Based on the CI's description of and information about "Maino," as well as their own investigation, police believed "Maino" to be the defendant. The CI was shown a booking photograph of the defendant without identifying information, and the CI immediately identified it as an image of the person known to him as "Maino" from whom the CI had purchased crack cocaine. The police had observed the defendant enter and exit 42 Lyon Street on numerous occasions.

Police arranged for the CI to conduct controlled purchases of cocaine from the defendant. The first purchase occurred within one month of the affidavit; the second occurred within seventy-two hours. On each occasion, the CI called the cell phone number the CI had previously used and was instructed by

"Maino" to go to 42 Lyon Street to make the purchase.  On each occasion, the CI was searched and found to be free of money or contraband, was given an amount of money to make a drug purchase, was kept under constant police surveillance, went into 42 Lyon Street, emerged within a short time, and turned over a substance believed to be crack cocaine which the CI stated it had purchased from "Maino" while inside apartment 2L of 42 Lyon Street.

The affidavit stated that the defendant had been the subject of a previous drug investigation at 42 Lyon Street, which had led to a search warrant in 2018, and that he had a prior conviction for possession with intent to distribute a class B substance as a second offense.  The affidavit did not disclose that the earlier 2018 search warrant had been for apartment 1L, or that apartment 1L was alleged to be the defendant's residence at that time.

Probable cause.  The defendant argues that the affidavit in support of the application for a search warrant did not establish probable cause to search apartment 2L for two reasons. First, he contends that the affidavit did not supply sufficient information concerning the CI to satisfy the Aguilar-Spinelli standard.  Second, he argues that the affidavit did not establish a sufficient nexus to apartment 2L because the

4

officers did not observe where within 42 Lyon Street the drug transactions took place. We disagree with both contentions.

"Under the Aguilar-Spinelli standard, if an affidavit is based on information from an unknown informant, the magistrate must 'be informed of (1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was "credible" or his information "reliable" (the veracity test).'" Commonwealth v. Upton, 394 Mass. 363, 374-375 (1985), quoting Aguilar v. Texas, 378 U.S. 108, 114 (1964).

The basis of knowledge test was satisfied by the CI's personal participation in purchasing drugs from "Maino" on earlier occasions. See Commonwealth v. Allen, 406 Mass. 575, 578 (1990) ("First-hand receipt of information through personal observation satisfies the basis of knowledge prong of Aguilar-Spinelli"). The veracity test was satisfied by the CI's history of providing information and taking "investigative actions" that had previously led to arrests and the seizure of contraband. In addition, the two controlled buys supported the CI's veracity, see Commonwealth v. Perez, 87 Mass. App. Ct. 278, 281 (2015) ("controlled purchases conducted by the informant further support[] his veracity"), especially since the controlled buys

5

were arranged through the same telephone number the CI used for the earlier purchases and took place at the same location. Moreover, "[i]n cases involving a controlled buy of drugs from a seller who is located inside a multiunit building, we do not require that the police observe the informant enter the particular apartment where the transaction is reported to have occurred in order to demonstrate the reliability of the informant."[2] Commonwealth v. Monteiro, 93 Mass. App. Ct. 478, 483 (2018).

Contrary to the defendant's argument, the police need not have observed the CI enter apartment 2L to establish probable cause. "It is not fatal to the warrant application that police did not observe [the specific] apartment[] the informant entered. Based on the information provided by the informant and their own observations, the police could infer [which apartment] the defendant was dealing drugs from." Commonwealth v. Warren, 418 Mass. 86, 90 (1994).

---

[2] In any event, the defendant does not grapple with the fact that, even if the information from the CI about earlier purchases from "Maino" were excised from the affidavit because it did not meet the Aguilar-Spinelli test, see Commonwealth v. Webster, 75 Mass. App. Ct. 247, 256 n.9 (2009), probable cause to search apartment 2L remained given the two controlled buys made in that apartment by the CI. See Commonwealth v. Escelara, 79 Mass. App. Ct. 262, 265-266 (2011), S.C. 462 Mass. 636 (2012).

6

Omission of information from affidavit.  The defendant raises two arguments based on the fact that the affidavit refers to a 2018 warrant that had issued to search 42 Lyon Street, but omitted the fact that the warrant was for apartment 1L, which was described as the defendant's residence.  The defendant argues that the information was recklessly or knowingly omitted and that had the information been included, the affidavit would not have established probable cause to search apartment 2L.  The defendant also argues that he was entitled to a Franks hearing. We review a judge's determination as to the necessity of a Franks hearing for an abuse of discretion.  See Commonwealth v. Perez, 87 Mass. App. Ct. 278, 285 (2015).

The judge did not abuse his discretion here.  A defendant is entitled to a Franks hearing only when he or she demonstrates that:  (1) "the affiant included a 'false statement knowingly and intentionally, or with reckless disregard for the truth' or intentionally or recklessly omitted material information in the search warrant affidavit," and (2) 'the allegedly false statement is necessary to the finding of probable cause'" (citation omitted).  Commonwealth v. Andre, 484 Mass. 403, 407-408 (2020).  "[I]f these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause,

7

no hearing is required."  Franks v. Delaware, 438 U.S. 154, 171-172 (1978).  Such is the situation here.  Even if the information pertaining to the 2018 search warrant were excised from the affidavit, probable cause to search apartment 2L existed based on the two controlled buys.  See note 3, supra.

The order denying the motion to suppress is affirmed.

So ordered.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[3]),

Clerk

Entered:  January 24, 2024.

---

[3] The panelists are listed in order of seniority.